**CV 03 6007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAWN TRIOLO,

      Plaintiff,

-against-

UNITED STATES OF AMERICA,

      Defendants,
---------------------------------------------------------------X

Docket No.:

**VERIFIED COMPLAINT**

SEYBERT, J.

BOYLE, M.J.

**JURY TRIAL DEMANDED**

Plaintiff DAWN TRIOLO, by her attorneys FERRO, KUBA, BLOOM, MANGANO, GACOVINO & LAKE, P.C. as for her complaint against Defendant UNITED STATES OF AMERICA, alleges as follows:

Plaintiff, by her attorneys, **FERRO, KUBA, BLOOM, MANGANO, GACOVINO & LAKE, P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

### JURISDICTION

This is a Civil Action for Damages brought pursuant to 28 U.S.C. section 1331; 28 U.S.C 1346 (6)(1); 28 U.S.C. 2674; and 28 U.S.C. 2679 against UNITED STATES OF AMERICA. Plaintiff further invokes the pendent jurisdiction of this Court to consider all claims arising under state law.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

1. On January 31, 2001, Plaintiff **DAWN TRIOLO** was, and still is, a resident of the County of Suffolk, State of New York.

2. On January 31, 2001, **ANTHONY PIPIA** was an employee of, and still is, The Department of Veteran Affairs.

3. At all time herein mentioned, **DEPARTMENT OF VETERANS AFFAIRS** was, and still is an Agency of the **UNITED STATES OF AMERICA.**

4. That on January 31, 2001, Defendant **DEPARTMENT OF VETERANS AFFAIRS** owned a motor vehicle bearing Federal license plate number VA15871.

5. On January 31, 2001, Defendant **ANTHONY PIPIA** operated the aforementioned motor vehicle bearing New York State registration number VA15871.

6. On January 31, 2001, Defendant **ANTHONY PIPIA** operated the aforementioned motor vehicle with the permission of Defendant **DEPARTMENT OF VETERANS AFFAIRS** .

7. On January 31, 2001, Defendant **ANTHONY PIPIA** operated the aforementioned motor vehicle with the knowledge of the Defendant **DEPARTMENT OF VETERANS AFFAIRS**

8. On January 31, 2001, Defendant **ANTHONY PIPIA** operated the aforementioned motor vehicle with the consent of the Defendant **DEPARTMENT OF VETERANS AFFAIRS**.

9. This accident occurred in Suffolk County, State of New York within the confines of the Eastern District of New York.

13. On January 31, 2001, Defendant **ANTHONY PIPIA** operated the aforementioned motor vehicle in the scope of his employment with **DEPARTMENT OF VETERANS AFFAIRS**

14. On January 31, 2001, Plaintiff **DAWN TRIOLO** was the operator of a 1985 Oldsmobile motor vehicle bearing New York State registration number L264WW.

15. At all times herein mentioned, Neighborhood Road and Alder Drive, Mastic Beach, in the County of Suffolk, State of New York, were public roadways, streets and/or thoroughfares.

16. That on January 31, 2001, **ANTHONY PIPIA** was operating the vehicle owned by **DEPARTMENT OF VETERANS AFFAIRS**, at the aforementioned location.

17. That on January 31, 2001, Plaintiff **DAWN TRIOLO** was operating her motor vehicle at the aforementioned location.

20. That on January 31, 2001, at the aforementioned location, the motor vehicle owned by **DEPARTMENT OF VETERANS AFFAIRS** and operated by Defendant **ANTHONY PIPIA** came into contact with the motor vehicle owned and operated by Plaintiff **DAWN TRIOLO**.

21. That as a result of the aforesaid contact, Plaintiff **DAWN TRIOLO** was injured.

22. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

23. That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

24. That the negligence of said Defendant consisted of operating its aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to observe and obey a posted stop sign; din failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the plaintiff; in failing to avoid contact with and yield the right of way to the plaintiff; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a

negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle.

25. That by reason of the foregoing, Plaintiff **DAWN TRIOLO** sustained severe and permanent personal injuries; and Plaintiff **DAWN TRIOLO** was otherwise damaged.

26. That Plaintiff **DAWN TRIOLO** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

27. That Plaintiff **DAWN TRIOLO** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

30. That by reason of the foregoing, Plaintiff **DAWN TRIOLO** has been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, Plaintiff **DAWN TRIOLO** demands judgment against the Defendants in the amount of ONE MILLION ($1,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated:     Sayville, New York
           November 13, 2003

Yours, etc.

RICHARD E. NOLL (8768)
FERRO, KUBA, BLOOM, MANGANO, GACOVINO & LAKE, P.C.
Attorneys for Plaintiff
DAWN TRIOLO
270 West Main Street
Sayville, New York, 11782
(631) 581-9494
Our File No. P9220-02

4